No. 3326

Second Circuit

TUTTLE v. GILLESPIE

(March 12, 1929.   Opinion and Decree.)

Goff and Barnette, of Arcadia, attorneys for plaintiff, appellant.

R. L. Williams, J. Rush Wimberley, of Arcadia, attorneys for defendant, appellee.

WEBB, J. The plaintiff, M. H. Tuttle, brought this action against the defendant, Mrs. I. M. Gillespie, to enforce the payment of six promissory notes drawn on November 8, 1921, in favor of plaintiff, and to reform or correct the description of property mortgaged to secure the notes, praying for judgment for the amount of the notes with recognition of the mortgage on the property, and in answer to the action defendant, admitting that she had signed the note and mortgage, alleged that the notes were without consideration, and null and void, having been given in violation of law in payment of her husband's debt or the debt of the community of acquets and gains, praying that plaintiff's demands be rejected, and for general relief.

The cause having been tried and submitted, judgment was rendered rejecting plaintiff's demands and ordering the cancellation of the mortgage, from which plaintiff appeals.

It is shown that plaintiff had acquired the right to purchase or a promise of sale of certain real estate from G. G. Nelson, on which there had been paid a part of the price agreed upon, and that in negotiations between plaintiff and defendant and her husband some agreement was reached under which defendant, Mrs. Gillespie, gave the plaintiff the notes sued upon, secured by mortgage on her separate property, and following, G. G. Nelson, with the consent of plaintiff, transferred the property which he had agreed to sell to plaintiff, to V. E. Gillespie and I. M. Gillespie on terms of credit at a price equal to the balance remaining unpaid by plaintiff, Tuttle, under the promise of sale, and the plaintiff urges that these facts, considered with the allegations of defendant's answer, in which defendant set up that the mortgage was executed to plaintiff for his interest in property which her husband was buying for the benefit of the community, establishes that defendant had purchased his rights under the agreement for the purchase of the property from Nelson, and that such purchase was not in violation of the law, which at that time concededly prohibited the wife from binding herself or her property for the debts or obligations of the husband or community (Article 2398, C. C.; Lorio vs. Gladney, 153 La. 993, 97 So. 16), and plaintiff further urges that he having relinquished his rights under the agreement with Nelson in consideration of the obligation of defendant, as evidenced by the notes and mortgage given by her, she is estopped to contest the validity of the notes or mortgage.

In support of the first proposition it is apparently contended that under the provisions of Act No. 219 of 1920 defendant,

Mrs. Gillespie, having separate property, could have purchased from plaintiff his rights under the promise of sale, and could have obligated herself personally and bound her separate property for the payment of the price, and the evidence showing that she had given her obligation and bound her separate property to secure same, it must necessarily be assumed that she had purchased plaintiff's rights under the agreement of sale, in default of affirmative proof that the purchase was by the husband for the benefit of the community.

The law presumes that all purchases made by either the husband or wife are for the benefit of the community (Article 2402, C. C.) and the mere fact that the wife may have given her notes or held herself out as obligated for the payment of the price of property, where the husband had knowledge of and consented to the transaction, as was the case in the present instance, would not necessarily affect the presumption, and whatever weight might be given to the circumstances that the wife had given her obligation for the payment of the price of property in determining whether or not the purchase was for the benefit of the community or the benefit of the wife, it is of little if any significance where the husband was a party to the negotiations which when consummated inured to the benefit of the community.

In the present instance, in default of evidence affirmatively establishing that the plaintiff transferred to the defendant his rights under the agreement to purchase, we may not assume that the parties in their negotiations had in view two separate transactions, one whereby the wife would acquire, for her separate benefit, plaintiff's rights under the agreement to purchase, and the other by which she would relinquish the rights acquired by her in favor of the husband or community, as the latter transaction would clearly be in violation of law, which forbids contracts between the husband and the wife (Articles 1790, 2446, C. C.; Act .No. 219 of 1920), but, on the other hand, the transactions between the parties should be considered as a whole, and the evidence showing that the community of which the husband was the head and master had acquired the property in consummation of the negotiations between the plaintiff and defendant and her husband, it should be assumed that such was the purpose of the negotiations and transactions of the parties, and that any transfer or relinquishment of plaintiff's rights under the agreement or promise to sell, was for the benefit of the husband of defendant or the community, and the obligation of defendant given in payment of or for the relinquishment of the right to the husband of defendant, was in violation of the law (Article 2398, C. C.) prohibiting her from binding herself or her property for the obligations of her husband or the community.

Our conclusion being that the notes were given in violation of a prohibitory law, the plea of estoppel cannot be sustained (Chaffe vs. Oliver, 33 La. Ann. 1009; Harang vs. Blanc, 34 La. Ann. 632), and was properly overruled by the court.

The judgment appealed from is affirmed.